UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LINDSEY BROOKS, an individual;
BOARDWALK BRAND INC., a Nevada
corporation; INGO VAN STYN, an individual;
and EURO SHINE USA, INC., a Florida
corporation,

      Plaintiffs,

v.

E. MISHAN & SONS, INC. d/b/a EMSON
INC., a New York corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiffs, LINDSEY BROOKS; BOARDWALK BRAND INC.; INGO VAN STYN; and EURO SHINE USA, INC. (collectively, "Plaintiffs"), sue Defendant, E. MISHAN & SONS, INC. d/b/a EMSON INC. ("Defendant"), and state:

1. This is an action for tortious interference with a contractual relationship and for civil conspiracy. Defendant tortiously interfered, acting in concert with a third party, to deprive Plaintiffs of contractually-earned royalty payments generated from sales of a product and, upon information and belief, continues to do so. Plaintiffs seek to recover damages, their attorney's fees and costs, and other relief.

## THE PARTIES

2.  Plaintiff LINDSEY BROOKS ("Brooks") is a citizen of the State of Washington. Brooks is the President and Treasurer of Plaintiff Boardwalk Brand Inc. and the Vice President of Sales and Marketing North American of International Housewares, Inc.

3.  Plaintiff BOARDWALK BRAND INC. ("Boardwalk") is incorporated under the laws of the State of Nevada, with its principal place of business in Seattle, Washington.

4.  Plaintiff INGO VAN STYN ("Van Styn") is a citizen of the State of Florida. He is the President of Euro Shine USA, Inc.

5.  Plaintiff EURO SHINE USA, INC. ("Euro Shine") is incorporated under the laws of the State of Florida, with its principal place of business in Brooksville, Florida.

6.  Defendant E. MISHAN & SONS d/b/a EMSON INC. ("Emson") is a New York corporation in the business of manufacturing, distributing and/or selling consumer appliances. Emson maintains its principal place of business in New York, New York. Emson regularly conducts business throughout the United States and this judicial district.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a). This is a civil action between citizens of different states. The value of the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8.  This Court has personal jurisdiction over Defendant pursuant to Florida Statute § 48.193(1). Defendant has

    a.  Operated, conducted, engaged in, or carried on a business in Florida;

    b.  Committed a tortious act within Florida against Plaintiffs;

c. Engaged in substantial and not isolated activity within Florida.

9. Pursuant to 28 U.S.C. § 1391(a) and (b), venue is appropriate in this District because a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. In early 2011, Plaintiffs began developing and promoting a reusable lint roller called the SCHTICKY® (hereinafter the "Schticky" or the "Product"). Plaintiffs Brooks and Van Styn began efforts to solicit prospective distributors for the Product. Plaintiffs contacted Defendant Emson as part of that effort to develop a distribution stream for the Schticky.

11. At the same time, Square One Entertainment, Inc. ("Square One") and Offer Vince Shlomi (collectively, the "Vince Parties") were also in contact with Emson seeking distributors for the same Schticky product.

12. At the time of these 2011 communications, Emson was aware of the competing claims to ownership of the intellectual property rights for the Schticky.

13. Emson began distributing the Schticky for the Vince Parties and by 2012, Emson had become one of the largest authorized distributors of the Schticky.

14. The Vince Parties filed a lawsuit against the Plaintiffs and others[1] on February 23, 2012 concerning the intellectual property rights to the Schticky lint roller. The action was filed in the United States District Court for the Central District of California, and styled *Square One Entertainment, Inc., et al. v. Lindsey Brooks, et al.*, Case No. CV-12-01540 DDP (VBKx) (the "Square One Lawsuit").

---

[1] International Housewares, Inc. was also a defendant in the Square One Lawsuit but is not a party here.

15. The parties to the Square One Lawsuit entered into a Settlement Agreement (hereinafter, the "Settlement Agreement") on July 11, 2012 and the case was dismissed.

16. The parties agreed to keep the specific terms of the Settlement Agreement confidential.[2]

17. The Settlement Agreement granted Plaintiffs the contractual right to receive future compensation in the form of royalty payments generated by the Vince Parties' sales of the Schticky. It is this contractual right to receive royalty payments that Emson interfered with and is the subject of the instant action.

18. The course of conduct that has been engaged in between Emson and the Vince Parties was not one that the parties envision or discussed during mediation, and had it been discussed, the parties would not have settled.

19. Emson was not a party to the Square One Lawsuit nor to the Settlement Agreement.

20. Prior to the execution of the Settlement Agreement, Emson was one of the Vince Parties' largest distributors of the Schticky. Emson placed regular orders with the Vince Parties for bulk shipments of the Schticky prior to July 2012.

21. Through the Vince Parties, Emson learned of the terms of the Settlement Agreement and became aware of Plaintiffs' rights to royalties for Schticky sales. Emson and Vince devised a plan to circumvent the Settlement Agreement and deny Plaintiffs the royalty payment they are entitled to under the Settlement Agreement. Upon information and belief, Vince solicited Emson to assist with the scheme by promising a separate and hidden return on Emson's profits.

---

[2] Explicit details pertaining to the exact terms of the Settlement Agreement are omitted from this complaint to maintain non-disclosure.

22. Prior to the Settlement Agreement, Emson purchased the Schticky from the Vince Parties for resale to its customers. On information and belief, after the Settlement Agreement, Emson began purchasing the Schticky directly from the manufacturer, and paid out a percentage of its profits to the Vince Parties on the side to avoid generating royalties for the Plaintiffs.

23. Alternatively, upon information and belief, Emson participated in the Vince Parties' plan to mask or hide orders and shipments placed through the Vince Parties with the intent to avoid generating royalties for Plaintiffs.

24. Emson has intentionally and unjustifiably interfered with Plaintiffs' rights under the Settlement Agreement, causing harm to Plaintiffs for its and the Vince Parties' benefit and financial gain. As a result, Plaintiffs' royalty payments have been substantially reduced.

25. Emson continues to engage in conduct which exploits information it should not have been privy to in the first place. Additionally, Emson and the Vince Parties are taking advantage of the confidentiality provision of the Settlement Agreement to help keep their tortious conduct from being readily apparent to the parties to the Settlement Agreement.

26. All conditions precedent to bringing this action have occurred or been waived.

## COUNT I
### Tortious Interference With A Contractual Relationship

27. Plaintiffs incorporate paragraphs 1 through 26 by reference as if set forth fully herein.

28. The relationship between Plaintiffs and the Vince Parties was an advantageous business relationship based upon the confidential Settlement Agreement. Pursuant to the Settlement Agreement, the Vince Parties are obligated to distribute royalties to Plaintiffs for Schticky sales.

29. Emson knew of the relationship between Plaintiffs and the Vince Parties from Emson's distribution of the Schticky and contact with the Plaintiffs. Specifically, Emson knew of the intellectual property dispute between Plaintiffs and the Vince Parties and knew the parties resolved the dispute by executing a Settlement Agreement.

30. Emson learned of the confidential terms of the Settlement Agreement governing Plaintiffs' right to receive payments for royalties generated from the Vince Parties' sale of the Schticky.

31. Emson intentionally and unjustifiably interfered with the relationship between Plaintiffs and Square One/Vince by, among other things, acting in concert with the Vince Parties to circumvent the Settlement Agreement and Plaintiffs' interests by purchasing the Schticky directly from the manufacturer.

32. Emson's conduct described above is unjustified as it was intended to wrongfully interfere with Plaintiffs' rights under the Settlement Agreement to receive royalties.

33. As a direct and proximate result of Emson's intentional, willful and unjustifiable interference with the existing relationship and Settlement Agreement, Plaintiffs have sustained substantial damages for lost royalty payments in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Emson for compensatory damages, prejudgment interest, post judgment interest, costs, and such further and other relief as the Court deems just and proper.

## COUNT II
### Civil Conspiracy

34. Plaintiffs incorporate paragraphs 1 through 26 by reference as if set forth fully herein.

35. This is a cause of action for civil conspiracy arising out of the Vince Parties and Emson's agreement to rob Plaintiffs of royalties they are contractually entitled to receive.

36. Emson engaged in a concerted action with the Vince Parties to implement a scheme to circumvent the Settlement Agreement and deprive Plaintiffs of their royalty payments generated from sales of the Schticky.

37. Emson stopped placing orders for the Schticky through the Vince Parties and began purchasing the product directly from the manufacturer at a time after Plaintiffs and the Vince Parties entered into the Settlement Agreement.

38. Alternatively, Emson and the Vince Parties concealed orders placed for the Schticky by disguising them under an alternate name.

39. In furtherance of the conspiracy, Emson committed overt acts by concealing its continued advantageous business relationship with the Vince Parties and ousting Plaintiffs. Emson was a willful participant in this joint activity.

40. As a direct result of this conspiracy, Plaintiffs have suffered damages in the form of lost profits from royalties generated by sales of the Schticky.

WHEREFORE, Plaintiffs demand judgment against Emson for compensatory damages, prejudgment interest, post judgment interest, costs, and such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

SCHLESINGER & ASSOCIATES, P.A.
*Counsel for Plaintiffs*
799 Brickell Plaza, Suite 700
Miami, FL 33131
Phone: 305-373-8993
Facsimile: 305-373-8098

By: /s/ Michael Schlesinger
Michael J. Schlesinger
Florida Bar No. 141852
E-mail: mjs@mjsjd.com
Andrew W. Abel
Florida Bar No. 98433
E-mail: aabel@mjsjd.com

-and-

FRIEDLAND VINING
*Counsel for Plaintiffs*
1500 San Remo Avenue, Suite 200
Coral Gables, FL 33146
Phone: 305-777-1720
Facsimilie: 305-456-4922

David K. Friedland, Esq.
Florida Bar No. 833479
E-mail: dkf@friedlandvining.com